IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GREGORY M. WILSON                                                                                         PLAINTIFF
ADC #162142

v.                                            2:18-cv-00008-DPM-JJV

JONNIE JONES, Administrator,
St. Francis County Jail; *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  INTRODUCTION**

Gregory M. Wilson ("Plaintiff") is a prisoner in the Arkansas Department of Correction ("ADC"). He has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that while he was in the St. Francis County Jail, Defendants Jail Administrator Jonnie Jones, Jailer Marty Watlington, and Jailer Otis Smith failed to provide him with constitutionally adequate medical care for anxiety and chronic pain. (Doc. No. 10.) He is proceeding with this claim against Defendants in their individual capacities only.[1] (*Id.*, Doc. No. 21.)

Defendants have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law. (Doc. Nos. 36-38.) Plaintiff has not filed a Response, and the time to do so has expired. Thus, the matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for Summary Judgment should be DENIED, and

---

[1] On April 30, 2018, the Court dismissed Plaintiff's official capacity claims because he did not allege "his constitutional rights were violated because of an official policy, an unofficial custom, a failure to train, or conspiracy." (Doc. No. 21 at 1.) For this reason, there is no need for me to discuss Defendants' argument that there is "no basis for official capacity/county liability." (Doc. No. 37 at 11.)

I recommend Plaintiff be allowed to proceed to trial on his inadequate medical care claim against Defendants in their individual capacities.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    FACTS

The facts viewed in the light most favorable to Plaintiff, and taken mostly from his medical

records and deposition, are as follows. (Doc. Nos. 38-3; 38-7; 38-8). Plaintiff was booked into the St. Francis County Jail on October 30, 2017. (*Id*.) He had with him hydrocodone and cyclobenzaprine, which his family doctor had prescribed to treat chronic back and neck pain caused by degenerative disc disease and a herniated disc, and clonazepam for the treatment of anxiety. (Doc. Nos. 38-3; 38-7 at 23-33.) All three medications were supposed to be taken three times a day. (*Id*.) Plaintiff's family brought refills of these medications to the St. Francis County Jail until sometime near the end of November or early December, when the prescriptions expired. (*Id*. at 38-7 at 43.) Plaintiff claims jailers only gave him the medications twice a day, and that, on a few occasions, jailers forged his signature on the medical log indicating that Plaintiff had received his medications when he had not.[2] (*Id*. at 46, 74-77.)

On December 6, 2017, Defendant Smith took Plaintiff to Dr. Michel (not Plaintiff's family doctor), who diagnosed Plaintiff as having generalized anxiety disorder, muscle spasms in his lower back, and "lumbago due to displacement of intervertebral discs" (Doc. Nos. 38-3; 38-7 at 99; 38-8.) Dr. Michel renewed Plaintiff's prescription for cyclobenzaprine and clonazepam, changed hydrocodone to gabapentin for the treatment of "severe back pain," and instructed that all three medications be taken three times a day. (Doc. No. 38-3; 38-8.) For unknown reasons, only the cyclobenzaprine (which is a muscle relaxer) prescription was filled. (Doc. No. 38-3 at 5-7, 13-16.)

For the remainder of his incarceration at the St. Francis County Jail, Plaintiff received cyclobenzaprine only twice a day, and he did not receive gabapentin for pain or clonazepam for anxiety at all. (Doc. No. 38-3 at 13-16; 38-7 at 46, 80-92.) Plaintiff alleges this caused him to

---

[2] Plaintiff believes that non-party jailers may have stolen some of his hydrocodone pills and other medications, but he does not allege any of the Defendants did so or that they knew that his signature had been forged on the medication log. (Doc. No. 38-7 at 68-77.)

experience mood problems, headaches, pain, difficulty sleeping, and high blood pressure. (Doc No. 38-7 at 81-84, 92.) Plaintiff's family members periodically brought over-the-counter pain medications to the jail to help with these symptoms. (Doc. Nos. 38-3; 38-7 at 41, 81-85.) Plaintiff claims that, on several occasions, he complained to Defendants Jones, Watlington, and Smith about his missed medications and the adverse side effects he was experiencing. (Doc. No. 38-7 at 46-49, 55-64, 78-79, 100-01.) Defendants allegedly told Plaintiff they would "look into it," but they did not correct the problem or give him forms to raise the matter in the jail grievance procedure.[3] (*Id.*) On January 19, 2018, Plaintiff was transported from the St. Francis County Jail to the ADC. (Doc. No. 38-1.)

## IV. ANALYSIS

Defendants argue they are entitled to qualified immunity from Plaintiff's inadequate medical care claim. Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

Defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most

---

[3] Defendants claim, in their sworn affidavits, Plaintiff never complained to them about missed medications or the adverse symptoms he was allegedly experiencing. (Doc. Nos. 38-1, 38-5, 38-6.) However, at the summary judgment stage, I must construe this disputed fact in Plaintiff's favor.

5

favorable to the plaintiff, do not establish a violation of a constitutional right; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 232; *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009).

The Constitution requires correctional officers to provide inmates and detainees with needed medical care.[4] *A.H. v. St. Louis, MO.*, 891 F.3d 721, 726 (8th Cir. 2018); *Cullor*, 830 F.3d at 836. To defeat qualified immunity and to proceed to trial on an inadequate medical care claim, Plaintiff must have evidence that: (1) he had an objectively serious need for medical care for chronic pain and anxiety; and (2) Defendants Jones, Watlington, and Smith subjectively knew of, but deliberately disregarded, that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Because Defendants do not challenge the first element, the second element is the crux of this case. (Doc. No. 37 at 6.) Deliberate indifference, which is a higher standard than medical malpractice or gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, an inmate must demonstrate that a defendant's "actions were so inappropriate as to evidence intentional maltreatment or a *refusal to provide essential care*." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (emphasis added).

---

[4] It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner. However, the analysis for an inadequate medical care claim is the same under the Fourteenth Amendment (which applies to pretrial detainees) and the Eighth Amendment (which applies to convicted prisoners). *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006).

Here, it is undisputed St. Francis County had a written policy requiring jailers to dispense medications as prescribed by a physician. (Doc. Nos. 38-1; 38-4.) However, the evidence viewed in the light most favorable to Plaintiff suggests that: (1) throughout his confinement at the St. Francis County Jail, Plaintiff received clonazepam only two times a day, instead of three times a day as prescribed by two different doctors; (2) from October 30, 2017, until sometime in early December 2017, Plaintiff received cyclobenzaprine and hydrocodone only twice a day instead of three times a day, as prescribed by his family physician; and (3) from sometime in early December 2017, until he was sent to the ADC on January 19, 2018, Plaintiff did not receive, at all, the gabapentin and clonazepam that was prescribed by Dr. Michel. Importantly, Defendants have *not* offered any explanation as to why the doctors' instructions were not followed or any medical evidence demonstrating the medications Plaintiff actually received were adequate treatment for his chronic pain and anxiety. *See Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 812-12 (8th Cir. 2000) (prison officials may not "substitute their judgments for a medical professional's prescription").

Defendants are correct that the periodic, negligent failure to properly dispense prescription medications is not sufficient to sustain a constitutional claim. *See Erin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993); *Marchant v. Little Rock,* 557 F. Supp. 475, 482 (E.D. Ark. 1983), *aff'd* 741 F.2d 201 (8th Cir. 1984). However, that is not what Plaintiff is alleging in this case. Instead, Plaintiff testified during his deposition that, throughout his confinement at the St. Francis County Jail, jailers refused to comply with prescriptions issued by two different physicians. (Doc. No. 38-7.) That testimony is sufficient to defeat qualified immunity. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (explaining constitutional liability can be based on a prison guard's interference with prescribed medical care); *McAddo v. Martin*, 899 F.3d 521, 524 (8th Cir. 2018) (finding a

7

constitutional violation when jailers gave a prisoner over the counter medications instead of prescription pain medication that was prescribed by a physician); *Jackson,* 756 F.3d at 1066 (defining deliberate indifference as a "refusal to provide essential care").

Defendants also assert that they are entitled to summary judgment because Plaintiff is seeking to hold them vicariously liable for the non-party jailers, who failed to properly give him his prescriptions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). While it appears Defendant Jones had no role in dispensing medications and Defendant Smith did so only three times, Defendant Watlington admits he was personally involved, on numerous occasions, in dispensing Plaintiff's morning medications. (Doc. Nos. 38-1, 38-5, 38-6.) Also, it is well settled that prison officials are subject to § 1983 liability if they have actual knowledge a prisoner is not receiving adequate medical care and fail to take corrective action. *See Williams v. York,* 891 F.3d 701, 707 (8th Cir. 2018); *Schaub v. VonWald,* 638 F.3d 905, 918-20 (8th Cir. 2011); *Langford,* 614 F.3d at 460-62. During his deposition, Plaintiff said he told each of the Defendants, several times, that he was not properly receiving his prescribed medications and that he was suffering from adverse symptoms as a result. This is sufficient evidence of personal involvement. *See Langford*, 614 F.3d at 460-62; *Vaughn v. Gray*, 557 F.3d 904, 909 (8th Cir. 2009) (holding that knowledge of a prisoner's symptoms and request for medical care, followed by a "failure to take any responsive action, is sufficient to establish deliberate indifference").

Finally, Defendants argue they are entitled to summary judgment because there is no evidence Plaintiff suffered any "detrimental effects" as a result of not properly receiving his prescribed medications. (Doc. 37 at 8-9.) Defendants rely on the fact that neither Dr. Michel nor

the ADC nurse who conducted Plaintiff's intake examination recorded in their notes that Plaintiff complained of pain or other adverse symptoms resulting from the failure to properly receive his medications. (Doc. Nos. 38-3; 38-8.) However, Plaintiff testified during his deposition that he told Dr. Michel that he was experiencing pain, headaches, and mood alterations as a result of not properly receiving his prescribed medications. (Doc. No. 38-7 at 82-83.) He also said ADC medical providers prescribed him several, unspecified medications to treat his chronic pain and anxiety. (*Id*. at 88-90.) At the summary judgment state, these disputed facts must be construed in Plaintiff's favor. Finally, Plaintiff contends the pain and other side effects he experienced were so bad that he threatened to physically harm himself if Defendants did not take him to see a doctor to have his prescriptions refilled. (Doc. No. 38-7 at 78-79). This is sufficient evidence of actual injury.

Because there are genuine disputes of material facts and those disputed facts viewed in the light most favorable to Plaintiff establish a constitutional violation, I conclude Defendants are not entitled to summary judgment.

**V.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 36) be DENIED, and Plaintiff be allowed to proceed to trial on his inadequate medical care claim against Defendants Jones, Watlington, and Smith in their personal capacities.

DATED this 24th day of January 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE